IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-0455-012 |
| | § | |
| MARK WILBURN | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a letter motion filed by the defendant, Mark Wilburn, complaining that prison officials have incorrectly calculated his sentence by denying him credit for pretrial detention. (Doc. # 722). Wilburn has also filed a memorandum in support of his motion. (Doc. # 723). At the Court's request, the government has filed a response. (Doc. # 729). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, Wilburn's motion is denied for the reasons set forth below.

**I.     BACKGROUND**

In October of 2004, a federal grand jury in this district returned a multi-count indictment against Wilburn and several co-defendants in connection with a conspiracy to traffic methamphetamine and to launder money. (Doc. # 38). On May 5, 2005, Wilburn pleaded guilty to charges of aiding and abetting the possession with intent to distribute methamphetamine (count six) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii).

(Doc. # 297).  In a judgment entered on October 28, 2005, the Court sentenced Wilburn to serve 33 months in federal prison, followed by a five-year term of supervised release.  (Doc. # 510).  During the sentencing proceeding, the Court noted that Wilburn was also facing charges in state court and indicated that his 33-month prison sentence would run concurrently with any state court sentence that he received.  (Doc. # 488).

Wilburn does not challenge the validity of his guilty plea or his federal sentence here. Instead, Wilburn seeks relief from the calculation of his term of confinement by the Bureau of Prisons.  Specifically, Wilburn argues that the Bureau of Prisons has failed to give him credit for 382 days of "pre-trial detention" for the time he spent in custody awaiting his federal sentence.  Wilburn, who spent time in both state and federal custody before receiving the 33-month sentence imposed by this Court, supplies a chronology of his custodial history, which is summarized below.

Wilburn reports that he was arrested and placed in custody at the Montgomery County Jail on July 1, 2004.  He was charged with violating Texas law by possessing a controlled substance, namely, methamphetamine.[1]  On October 11, 2004, Wilburn was transferred from

---

[1] According to the presentence report ("PSR") prepared by the Probation Office, Wilburn was arrested and charged by criminal indictment in cause number 04-0705960-CR, in the 221st District Court of Montgomery County, Texas, on July 27, 2004, with possession of 40 to 200 grams of methamphetamine.  That offense allegedly occurred on or about June 9, 2004. Wilburn also had a pending indictment that was filed against him in June 8, 2004, in cause number 04-0604452, in the 221st District Court of Montgomery County, Texas, charging him with unauthorized use of a motor vehicle.  Likewise, Wilburn was charged by a grand jury indictment on July 2, 2004, in cause number 992954, in the 179th District Court of Harris County, Texas, with possessing 1 to 4 grams of methamphetamine.  All of these charges were pending against Wilburn prior to the October 2004 federal indictment that (continued...)

the Montgomery County Jail to the Federal Detention Center, pursuant to a writ of habeas corpus *ad prosequendum*,[2] to face charges stemming from the methamphetamine-trafficking indictment returned in October of 2004 by the federal grand jury in this case. On May 9, 2005, Wilburn pleaded guilty to count six of that indictment. On October 28, 2005, this Court sentenced Wilburn to serve 33 months in federal prison. Thereafter, on December 10, 2005, Wilburn was returned to the Montgomery County Jail to face the state charges that remained pending against him. Wilburn reports that, on June 24, 2006, he was convicted in the 221st District Court of Montgomery County, Texas, and sentenced to 48 months in prison for possession of methamphetamine. Wilburn states that he was "release[d] by accident" on June 30, 2006, and returned to state custody when he surrendered to authorities on August 15, 2006. Wilburn began serving his 33-month federal sentence at the Federal Detention Center in Houston on August 18, 2006.[3]

---

[1](...continued)
resulted in the 33-month federal prison sentence at issue in this case.

[2] A writ of habeas corpus *ad prosequendum* is "[a] writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined." BLACK'S LAW DICTIONARY 728 (8th ed. 2004). In this instance, a writ of habeas corpus issued for Wilburn on October 6, 2004. (Doc. # 45). The record shows that the writ was executed at the Montgomery County Jail, where Wilburn was in state custody.

[3] Wilburn discloses that, after he was received into federal custody on August 16, 2006, he was transferred from the Federal Detention Center in Houston to the Federal Correctional Institution in Forrest City, Arkansas, on December 28, 2006. Later, on June 16, 2008, Wilburn was transferred from prison to the Leidel Comprehensive Sanction Center in Houston, which is a transitional facility under contract with the Bureau of Prisons. On August 19, 2008, Wilburn returned to the Federal Detention Center. Neither the government nor Wilburn provide any details explaining his June 2008 release and subsequent return to imprisonment. According to the chronology provided by Wilburn, however, he was in
(continued...)

In his pending motion, Wilburn contends that he is entitled to 382 days of pretrial detention credit for the time he spent in custody at the Federal Detention Center from October 11, 2004, through October 28, 2005, when he received his federal sentence. (Doc. # 722). The government has filed a response, arguing that Wilburn's motion must be denied. The parties' contentions are addressed briefly below.

## II.   STANDARD OF REVIEW

Because Wilburn contends that he is entitled to his immediate release, his motion is construed as a petition governed by the federal habeas corpus statutes. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the function of habeas corpus is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (comparing collateral attacks upon a conviction or sentence based on errors at trial or sentencing, which are governed by 28 U.S.C. § 2255, with habeas corpus petitions challenging the manner in which a sentence is executed, which are governed by 28 U.S.C. § 2241). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, the writ of habeas corpus envisioned by 28 U.S.C. § 2241 is considered "extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow

---

[3](...continued)
    federal custody and received credit toward his sentence during this time.

4

range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992)).

### III.   DISCUSSION

#### A.   Habeas Corpus Jurisdiction

At the outset, the government argues that Wilburn's habeas petition must be dismissed for lack of jurisdiction because he is not incarcerated within the Southern District. It is true that a habeas petition which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration" must be "filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Accordingly, a person wishing to challenge the propriety of his detention under § 2241 must file his habeas corpus petition in the federal district in which he is physically present. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (emphasizing that "the district of incarceration is the only district that has jurisdiction to entertain [an applicant's] § 2241 petition").

The government notes that Wilburn is currently in custody at the Federal Correctional Institution in Forrest City, Arkansas, and not the Southern District of Texas, Houston Division. The pleadings and the chronology provided by Wilburn reflect, however, that he was incarcerated at the Federal Detention Center in Houston when he filed the pending habeas petition for relief from his sentence. Because Wilburn was in Houston when he filed his habeas petition, his subsequent transfer to a prison facility outside of the Southern District

of Texas does not defeat jurisdiction. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief" and is not destroyed upon the petitioner's transfer or custodial change) (citations omitted); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (stating that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added). Accordingly, this Court has jurisdiction to entertain the petition.

### B.    Wilburn Fails to State a Valid Claim for Relief

The government argues, in the alternative, that Wilburn's petition fails to state a valid claim for which relief may be granted. As noted above, Wilburn seeks credit for pre-sentence confinement. The government maintains that Wilburn's sentence has been calculated correctly and that he is not entitled to any additional credit for pre-sentence confinement.

The authority to calculate federal prison sentences, and to grant pre-sentence credit of the sort requested by Wilburn, is vested with the United States Attorney General, which power is delegated to the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 331-33 (1992); 28 C.F.R. § 0.96 (2008). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993). Both determinations are governed by 18 U.S.C. § 3585. According to this statute, a sentence to a term of imprisonment

commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Credit is allowed for prior custody only if the time spent in official detention is not credited against another sentence:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Thus, the statute governing the calculation of federal sentences prohibits the award of "double credit." *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

According to the chronology of his confinement, Wilburn was arrested on state charges and placed in custody at the Montgomery County Jail on July 1, 2004. Subsequently, in October of 2004, Wilburn was transferred to the Federal Detention Center to face charges outlined against him in a federal indictment. Wilburn claims that he is entitled to 382 days of credit for the time that he spent in custody at the Federal Detention Center, following his transfer from state custody on October 11, 2004, through the time he received his federal sentence on October 28, 2005. The government notes, however, that Wilburn is not entitled to credit for this time period because he was transferred from state

7

custody to face the federal indictment in this case pursuant to a writ of habeas corpus *ad prosequendum*.

It is well established that "a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Rios v. Wiley*, 201 F.3d 257, 274 (3rd Cir. 2000) (citing *Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999); *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996), *aff'd* 100 F.3d 946 (3d Cir. 1996); *United States v. Smith*, 812 F. Supp. 368, 371-72 (E.D.N.Y. 1993)). "Producing a state prisoner under a writ of habeas corpus *ad prosequendum* to answer federal charges does not relinquish state custody." *Jimenez v. Warden, FDIC, Fort Devens, Mass.*, 147 F. Supp. 2d 24, 28 (D. Mass. 2001) (citing *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991); *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986); *Chambers v. Holland*, 920 F. Supp. 618 (M.D. Pa. 1996); *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). Thus, a state prisoner is not "in custody" for purposes of 18 U.S.C. § 3585 when he appears in federal court pursuant to a writ of habeas corpus *ad prosequendum*; rather, "he is merely 'on loan' to federal authorities." *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1992) (quoting *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992)) (distinguishing between the writ of habeas corpus *ad prosequendum* and a detainer).

The Fifth Circuit has recognized that a federal prisoner is not entitled to credit towards a federal sentence for time spent in a federal detention center after he has been temporarily produced from state custody for prosecution pursuant to a writ of habeas corpus *ad*

*prosequendum*. *See Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705 (5th Cir. 2001) (unpublished) (citing *Rios v. Wiley*, 201 F.3d 257, 275 (3d Cir. 2001)). Because Wilburn remained in primary custody of the State of Texas during the time period at issue, 18 U.S.C. § 3585(b) prohibits the award of double credit. *See Wilson*, 503 U.S. at 337; *Rios*, 201 F.3d at 272-75. Accordingly, Wilburn fails to show that he is entitled to additional credit for the time spent in pre-sentence confinement at the Federal Detention Center from October 11, 2004, through October 28, 2005, or that his sentence has been calculated incorrectly. It follows that Wilburn is not entitled to relief from his sentence under 28 U.S.C. § 2241.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that Wilburn's motion for relief from his sentence (Doc. # 722) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on     January 27th        , 2009.

_____
Nancy F. Atlas
United States District Judge